Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

|  |  |
|---|---|
| Eric Rodwell <hr>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br> -v- <br><br> Secretary of the Navy <hr>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br> *(to be filled in by the Clerk's Office)* <br><br>Jury Trial: *(check one)* ☐ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

**I.    The Parties to This Complaint**

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Eric Rodwell |
| Street Address | 255 Vale Street Apt 3528 |
| City and County | Chelsea |
| State and Zip Code | Massachusetts |
| Telephone Number | 857-523-6491 |
| E-mail Address | ericrodwell47@gmail.com |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

Defendant No. 1

    Name

    Job or Title *(if known)*    Secretary of the Navy

    Street Address    1000 Navy Pentagon

    City and County    Washington

    State and Zip Code    D.C. 20350-1000

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question                    [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

28 U.S.C. § 1331 (federal question jurisdiction)
5 U.S.C. § 702 (Administrative Procedure Act – judicial review of agency action)
10 U.S.C. § 1552 (correction of military records)

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

I am a Navy veteran seeking review of BCNR and Under Secretary decisions denying upgrade of my Other Than Honorable discharge to Honorable. In July 1987 an S-3A Viking jet returned to base with hanging ordnance. I identified an expired CAD while the pilot was present. The pilot reported it to the Commanding Officer. Instead of addressing the safety violation, the command scapegoated me through a retaliatory "three strikes" process and switched me from an agreed General discharge to OTH on February 8, 1988, without notice. I was unaware of the OTH until 2023. I later raised detailed evidence of the safety violation, retaliation, and mitigating factors, but the agency ignored it. See attached Detailed Complaint and Exhibits for full facts.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Vacate the BCNR and Under Secretary decisions and remand the matter to the Department of the Navy/BCNR for proper review that addresses the full record and mitigating evidence; award costs including $3,500 in legal fees caused by the BCNR mailing the denial to an incorrect address in Chicago; other just relief.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

### V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          07/05/2026

Signature of Plaintiff    _Eric Rodwell_

Printed Name of Plaintiff    Eric Rodwell

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Print        Save As...        Add Attachment                    Reset

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS


Eric Rodwell,

Plaintiff,


v.


Secretary of the Navy,

Defendant.


Civil Action No. _____


COMPLAINT FOR JUDICIAL REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT

(5 U.S.C. §§ 701–706)


I. Parties


1. Plaintiff Eric Rodwell is a Navy veteran residing in Chelsea, Massachusetts.


2. Defendant Secretary of the Navy is the head of the Department of the Navy and is responsible for overseeing the Board for Correction of Naval Records (BCNR).


II. Jurisdiction and Venue


3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and the Administrative Procedure Act, 5 U.S.C. § 702.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because Plaintiff resides in the District of Massachusetts.

III. Statement of Facts

5. Plaintiff served as an Aviation Ordnance Technician (AO3/E-4). In July 1987, while assigned to VS-29 at NAS North Island, an S-3A Viking aircraft returned to base after ordnance failed to jettison and remained hanging from the aircraft. This type of incident would have been logged by the control tower. While the pilot was performing aircraft shutdown, the co-pilot got out, called Plaintiff over from another aircraft, and asked him to safe the hanging ordnance and explain to the pilot what had occurred. Plaintiff observed that a Cartridge Actuated Device (CAD) had blown out sideways and was expired by more than a year. The pilot then reported the incident to the Commanding Officer.

6. From September 1987 onward, Plaintiff reasonably understood—based on discussions with personnel and confirmed with counsel on December 7, 1987—that he would receive a General discharge if he kept his record clean during the separation process. On December 7, 1987, Plaintiff waived Navy counsel in reliance on that agreement.

7. Plaintiff had no knowledge that his discharge had been characterized as Other Than Honorable (OTH) for decades. This good-faith belief was supported by successful completion of multiple high-level background investigations, including FBI/ITAR checks, police academy screenings, appointment as a constable, and a government whistleblower investigation.

8. In 2023, while seeking VA benefits for confirmed toxic exposures, Plaintiff first learned his official characterization was listed as OTH.

9. The BCNR's first denial (2023) was mailed to an incorrect address in Chicago, Illinois, causing nearly a year's delay and forcing Plaintiff to incur approximately $3,500 in legal fees. That denial, and subsequent denials, contained factual errors (including an incorrect

statement of Plaintiff's conduct mark average) and failed to meaningfully address the undisclosed change from the agreed-upon General discharge or Plaintiff's long-standing good-faith belief.

10. Additional details concerning the sequence of events, the nature of the charges, and the command's actions are set forth in the attached Supplemental Statement of Facts.

IV. Claims for Relief

11. The BCNR's decisions, as affirmed by the Under Secretary, are arbitrary, capricious, an abuse of discretion, and not in accordance with law, in violation of the APA, 5 U.S.C. § 706(2)(A). The decisions mischaracterized key evidence, disregarded Plaintiff's submissions, failed to address the undisclosed change from the agreed General discharge, ignored Plaintiff's objectively reasonable good-faith belief, and compounded procedural unfairness through inadequate notice and the erroneous mailing of the initial denial. The Board also failed to correct a clear factual error regarding Plaintiff's conduct mark average (3.4 rather than the below-3.0 figure it cited) and failed to apply the equity factors required by the Wilkie Memo despite decades of post-service government and community service.

V. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare the BCNR and Under Secretary decisions arbitrary, capricious, and unlawful under the APA;

b. Vacate those decisions;

c. Remand the matter for a new, thorough review that corrects all factual errors, fully considers the complete evidentiary record and Plaintiff's good-faith belief, and provides a reasoned explanation supported by the evidence;

d. In the alternative, order the correction of Plaintiff's naval records to reflect an Honorable discharge characterization with an appropriate narrative reason;

e. Award Plaintiff his costs and expenses, including the $3,500 incurred due to the mailing error, along with such other and further relief as the Court deems just and proper.

Respectfully submitted,

Eric Rodwell

255 Vale Street Apt 3528

Chelsea, Massachusetts

(857) 523-6491

Ericrodwell47@gmail.com

Plaintiff, Pro Se

August 8, 2026